UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BARRY J. SMITH, SR.,

      Plaintiff,

  v.                                    Case No. 19-cv-671-pp

THE UNITED STATES CONGRESS,
and WISCONSIN LEGISLATURE,

      Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (DKT. NOS. 5, 10(II), 12(II)), DENYING AS MOOT UNITED STATES CONGRESS'S MOTIONS TO CONSOLIDATE CASES (DKT. NOS. 10(I), 12(I)); DENYING WITHOUT PREJUDICE UNITED STATES CONGRESS'S MOTIONS TO BAR PLAINTIFF FROM FURTHER FILINGS (DKT. NOS. 10(III), 12(III)) AND DISMISSING CASE**

---

On May 5, 2019, the plaintiff, who is representing himself, filed a complaint against the United States Congress and the Wisconsin Legislature, alleging that the federal and state statutes criminalizing possession of firearms by felons and the portion of the Wisconsin Constitution that prohibits felons from holding elected office unless pardoned constitute bills of attainder that violate Article I, §9, Clause 3 of the United States Constitution. Dkt. No. 1 at 1-3. The Wisconsin legislature filed a motion to dismiss, as did the United States Congress. Dkt. Nos. 5, 10. The motion from the United States Congress also asked the court to consolidate this case with a case the plaintiff had filed in 2018, Smith v. United States Congress, Case No. 18-cv-988, and to bar the plaintiff from filing any further *pro se* lawsuits. Dkt. No. 10. Two and a half

1

months later, the United States Congress filed another motion to dismiss, consolidate and bar the plaintiff; this motion was identical to the previous motion except that it asked the court to consolidate this case with the 2018 case and a case the plaintiff filed *after* he filed this one (Smith v. United States Congress, Case No. 19-cv-1001). Dkt. No. 12.

The court will grant the motions to dismiss, deny as moot the United States Congress's motions to consolidate, and deny without prejudice the United States Congress's motions to bar (it will rule on these motions in its order in Case No. 19-cv-1001).

**I.    Motions to Dismiss (Dkt. Nos. 5, 10(II), 12(II))**

　　A.　　Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. A complaint must give the defendant fair notice of the claim and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a plaintiff need not plead detailed factual allegations, he or she must do more than present "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. The complaint must state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted).

B.  Analysis

1.  *Litigation history*

In the last eleven and a half years, courts in this district have dismissed five civil complaints from the plaintiff, all alleging various violations of the plaintiff's constitutional rights due to his status as a descendant of slaves and his status as a convicted felon. Smith v. United States, Case No. 08-cv-262; Smith v. President of the United States, Case No. 08-cv-956; Smith v. United States Congress, Case No. 13-cv-206; Smith v. United States, Case No. 17-cv-1419; Smith v. United States Congress, Case No. 18-cv-988.[1]

In the first case, Smith v. United States, Case No. 08-cv-262, the plaintiff sued the United States and the State of Wisconsin, challenging the fact that his conviction prevented him from running for alderman. He claimed that he was entitled to relief under the due process and equal protection clauses. Id. at Dkt. No. 3. Judge Rudolph T. Randa dismissed the case, explaining to the plaintiff that the legislature had a rational basis for preventing convicted felons from running for office, that he'd sued the wrong defendants (because the legislatures, not the governments, made and enforced the laws), and that portions of his claims were "patently frivolous." Id. at 1-3.

---

[1] As noted, the defendant filed another case after he filed this one. In Smith v. United States Congress, Case No. 19-cv-1001, he has sued the United States Congress and the Wisconsin Legislature, reiterating his claims that those bodies have violated a number of his constitutional rights due to his status as the descendant of slaves; he also makes allegations regarding his conviction for threatening the life of a federal judge. Id. at 1. The court will discuss those cases in the section of this order addressing the United States Congress's motions.

3

In the second case, Smith v. President of the United States, the plaintiff sued the President of the United States, the governor of Wisconsin and the mayor of Milwaukee, alleging that he had been "denied public employment opportunities, the right to bear a firearm and the right to 'vote for himself as a candidate' due to 'his previous conditions of Thirteenth Amendment Slavery.'" Smith, Case No. 08-cv-956, 2009 WL 2591624, *2 (E.D. Wis.). Judge J. P. Stadtmueller explained to the plaintiff that the Constitution does not prevent the federal or state governments from limiting a convicted felon's civil rights, including the right to carry a firearm the right to vote and the right to hold public office. Id. (citing Dist. of Columbia v. Heller, 554 U.S. 570, 626-627 (2008); Richardson v. Ramirez, 418 U.S. 24, 56 (1974); and Romer v. Evans, 517 U.S. 620, 624 (1996)). Judge Stadtmueller pointed out that "[t]hese limitations on one's rights as a citizen are well-recognized collateral consequences of a felony conviction, and the constitutionality of those long-standing consequences are not legitimately disputed." Id.

In the third case, the plaintiff sued the United States Congress, the President of the United States, the governor of Wisconsin, the mayor of Milwaukee and the Social Security Administration. Smith v. United States Congress, Case No. 13-cv-206 (E.D. Wis.). He alleged that the Social Security Administration had refused to allow him to participate in a program due to racism, and argued that he was being denied a laundry list of constitutional rights "based on a pattern and practice of Racism directed against him as a descendent of the slaves described by United States Supreme Court Chief

4

Justice Taney in <u>Dred Scott v. Sanford</u>, 60 U.S. (19 How.) 393, 15 L. Ed. 691." <u>Id.</u> at Dkt. No. 1. Judge Charles N. Clevert, Jr. dismissed all the defendants except the Social Security Administration, noting that the plaintiff had made no specific allegations against any of the other defendants. <u>Id.</u> at Dkt. No. 20. Subsequently, when the plaintiff failed to amend his complaint as to the Social Security Administration, the court dismissed the entire case as frivolous. <u>Id.</u> at Dkt. No. 29.

Despite these decisions, the plaintiff filed a fourth case in 2017, again naming the United States of America and the State of Wisconsin (the defendants Judge Randa had told him were not appropriate parties), alleging that he was being denied a long list of constitutional rights because of his status as a descendant of slaves. <u>Smith v. United States</u>, Case No. 17-cv-1419 at Dkt. No. 1. Magistrate Judge David Jones dismissed this case for lack of subject-matter jurisdiction (as to the State of Wisconsin) and for failure to state a claim, reiterating the rulings of the prior judges and going into more detail about some of the plaintiff's specific allegations not addressed by the other judges. <u>Id.</u> at Dkt. No. 16.

The plaintiff filed his fifth case in 2018. <u>Smith v. United States Congress</u>, Case No. 18-cv-988. In the amended complaint in that case, the plaintiff argued that the Commerce Clause to the United States Constitution did not authorize Congress to regulate his right to have a firearm, and that "Amendment 3(2)(3)" of the Wisconsin Constitution unconstitutionally barred him from running for office. <u>Id.</u> at Dkt. No. 3. The amended complaint

5

consisted of only two paragraphs. Judge Joseph dismissed the amended complaint, id. at dkt. no. 15; after vacating that order on remand from the Seventh Circuit, she issued a recommendation that this court dismiss the case, id. at dkt. no. 25. She also recommended that this court deny the plaintiff's motion to file a second amended complaint, which he filed *after* Judge Joseph had dismissed his original complaint. Id. at Dkt. No. 21.

This court has issued an order dismissing Smith v. United States Congress, Case No. 18-cv-988, and adopting Judge Joseph's recommendation to deny the plaintiff's motion for leave to file a second amended complaint in that case.

### 2. *The current case*

The complaint the plaintiff has filed in *this* case is almost identical to the proposed second amended complaint he wanted to file in the 2018 case, and the court will dismiss this complaint for the same reasons that it has denied him leave to file the proposed second amended complaint in the 2018 case.

#### a. Claim against the United States Congress

The complaint alleges that the federal statute criminalizing possession of firearms by felons is a "Bill of Attainder" and that it violates "Article 1, Section 9, Clause 3 of the United States Constitution . . . ." Dkt. No. 1 at 1-2. This claim is directed at the United States Congress.

The United States Congress has asked the court to dismiss it as a defendant because it has not waived its sovereign immunity. Dkt. Nos. 10(II), 12(II). The court agrees that it does not have jurisdiction to entertain this

6

claim. The complaint fails to allege that the United States Congress has waived sovereign immunity. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Joseph v. Bd. of Regents of the Univ. of Wis. Sys., 432 F.3d 746, 748 (7th Cir. 2005). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Meyer, 510 U.S. at 475. "Sovereign immunity is jurisdictional in nature," id., which means that if the Congress has not waived sovereign immunity, this court does not have jurisdiction over the claim against it.

Even if the court had jurisdiction over the claim, the court would dismiss the United States Congress, because the plaintiff's claim has no merit. Article I, §9, Clause 3 of the Constitution says that "[n]o Bill of Attainder or ex post facto Law shall be passed." "The prohibitions on 'Bills of Attainder' in Art. I, §§ 9-10, prohibit legislatures from singling out disfavored persons and meting out summary punishment for past conduct." Bank Markazi v. Peterson, ___ U.S. ___, 136 S. Ct. 1310, 1324-25 (2016).

The Seventh Circuit has considered and rejected the argument that 18 U.S.C. §922(g), the federal statute making it a crime for a felon to possess a gun, constitutes a bill of attainder.

> Nor is § 922(g) a bill of attainder, which would be "a law that legislatively determines guilt and inflicts punishment upon an individual without provision of the protections of a judicial trial." *Nixon v. Adm'r of General Services*, 433 U.S. 425, 468 [. . .] (1977). The statute does not determine guilt based on a previous felony conviction, nor does it remove the protections of a trial.

United States v. Hemmings, 258 F.3d 587, 594-95 (7th Cir. 2001). The same logic applies to the plaintiff's argument that 18 U.S.C. §922(d) (the federal statute that makes it a crime to knowingly sell guns to a convicted felon) is a

7

bill of attainder; that statute does not determine guilt based on a previous felony conviction and does not remove the protections of a trial. The court will grant the United States Congress's motions to dismiss it as a defendant.

The complaint alleges that Wisconsin Statutes §§941.29(1m)(a)(b) and (bm) are unconstitutional bills of attainder. Dkt. No. 1 at 2. This is a claim against the Wisconsin Legislature. Sections 941.29(1m)(a) and (b) provide that a person who possesses a firearm is guilty of a felony if that person has been convicted of a felony in Wisconsin or has been convicted elsewhere of a crime that would be a felony if committed in Wisconsin. Section 941.29(1m)(bm) provides that a person who possesses a firearm is guilty of a felony if that person has been adjudicated delinquent for a crime committed on or after April 21, 1994 if the crime, had it been committed by an adult, would have been a felony.

The Wisconsin Legislature has asked the court to dismiss it as a defendant because it has not waived its sovereign immunity. Dkt. No. 5. Title 42 U.S.C. §1983—the law that creates a private right of action for a plaintiff to sue in federal court for violations of his civil rights—makes "persons" liable for violating a citizen's civil rights, and the Supreme Court has held that a state is not a "person" within the meaning of §1983. See Will v. Mich. Dep't. of State Police, 491 U.S. 58, 71 (1989). Because the Wisconsin Legislature is comprised of "officials [of the state] acting in their official capacities," id., it is not a person subject to suit under §1983. Further, the Eleventh Amendment bars suits against states unless they have waived their immunity. Id. at 66, citing Welch

8

v. Tex. Dep't of Highways and Public Transportation, 482 U.S. 468, 472-73 (1987). The Wisconsin Legislature asserts that it has not expressly waived its sovereign immunity, that there are no overwhelming textual implications of sovereign immunity and that it has not specifically agreed to be subject to suit in federal court. Dkt. No. 5 at 2-3.

Even if the Wisconsin Legislature had subjected itself to suit under §1983 in federal court, the plaintiff's claim would fail under Hemmings. Like 18 U.S.C. §§922(d) and (g), the Wisconsin felon-in-possession statutes do not determine guilt based on a previous felony conviction and do not remove the protections of a trial.

The complaint similarly characterizes Article XIII, Section 3(2) of the Wisconsin Constitution, which provides that a convicted felon is not eligible for elected office, as a bill of attainder. Dkt. No. 1 at 2-3. This, too, is a claim against the Wisconsin Legislature. Again, the legislature is immune from suit and has not waived that immunity. Even if it had, the Wisconsin Constitution's prohibition on felons being eligible for elected office is not a criminal statute; it neither determines guilt nor inflicts punishment. See Dehainaut v. Pena, 32 F.3d 1066, 1070 (7th Cir. 1994) ("The Supreme Court has defined a bill of attainder as 'a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'").

As relief, the complaint demands immediate restoration of the plaintiff's "Second Amendment right to keep and bear arms for lawful purposes, and

9

immediate restoration of plaintiff's Fifteenth Amendment right to vote for himself as a candidate for elected office." Dkt. No. 1 at 3. The judges in the plaintiff's prior cases have explained that his rights under the Second Amendment are subject to limitation, and that a prohibition on felons possessing firearms does not violate the Second Amendment, citing <u>Dist. of Columbia v. Heller</u>, 554 U.S. 570 (2008). <u>See also</u>, <u>McDonald v. City of Chi., Ill.</u>, 561 U.S. 742 (2010).

As for the Fifteenth Amendment, it provides that neither the United States nor the states may deny or abridge a citizen's right to vote "on account of race, color, or previous condition of servitude." The plaintiff has not demonstrated that in ratifying the Wisconsin Constitution's prohibition on felons being eligible to hold office, the Wisconsin legislature possessed discriminatory intent. <u>Parker v. Lyons</u>, 940 F. Supp. 2d 832, 839 (C.D. Ill. 2013). And neither a felony conviction nor the resulting incarceration constitutes "servitude;" the Thirteenth Amendment states that "[n]either slavery nor involuntary servitude, *except as a punishment for crime whereof the party shall have been duly convicted*, shall exist within the United States . . . ." (Emphasis added.) So Wisconsin's prohibition on felons standing for public office is not based on "previous condition of *servitude*," because a felony conviction and sentence do not constitute "servitude."

The court will grant the Wisconsin Legislature's motion to dismiss it as a defendant.

## II. The United States Congress's Motions to Consolidate, Dismiss, and For an Order Precluding Plaintiff from Initiating Further *Pro Se* Suits

The United States Congress has filed motions asking the court to consolidate this case with the 2018 case and the case the plaintiff filed in July 2019 (Case No. 19-cv-1001). Dkt. Nos. 10(I), 12(I). It also asked the court to dismiss the consolidated cases, because the Congress had not waived sovereign immunity and because the complaints state no plausible claims for relief. Dkt. Nos. 10(II), 12(II). Finally, the motions ask the court to find the plaintiff in contempt and to bar him from filing additional *pro se* lawsuits in this district. Dkt. Nos. 10(III), 12(III).

The court is issuing separate orders the plaintiff's three cases, because each frames the plaintiff's arguments in a slightly different way. For that reason, it will deny as moot the United States Congress's motions to consolidate the cases.

For the reasons discussed above, the court is granting the portion of the United States Congress's motions that seeks dismissal.

The court will address the request to bar the plaintiff from further filings in its order in case No. 19-cv-1001; it will deny that portion of the motions without prejudice in this case.

## III. Conclusion

The court **GRANTS** the Wisconsin Legislature's motion to dismiss. Dkt. No. 5.

The court **DENIES AS MOOT** that portion of the United States Congress's motions that seeks consolidation of this case with the 2018 and July 2019 cases. Dkt. Nos. 10(I); 12(I).

The court **GRANTS** that portion of the United States Congress's motions that seeks dismissal of the claim against the United States Congress. Dkt. Nos. 10(II); 12(II).

The court **DENIES WITHOUT PREJUDICE** that portion of the United States Congress's motions that asks the court to bar the plaintiff from filing further *pro se* cases; the court will address that motion in its ruling on the July 2019 case. Dkt. Nos. 10(III), 12(III).

The court **ORDERS** that this case is **DISMISSED**. The court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2).

Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 14th day of November, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**