UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BARRY J. SMITH, SR.,

        Plaintiff,

v.                                     Case No. 19-cv-671-pp

UNITED STATES CONGRESS,
and WISCONSIN LEGISLATURE,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 17)**

        This is the sixth case filed by the plaintiff in this district alleging violations of his constitutional rights based on his status as a convicted felon.

        On November 14, 2019, the court granted the Wisconsin Legislature's motion to dismiss, granted the United States Congress's motions to dismiss, denied as moot the Congress's motions to consolidate cases, denied without prejudice Congress's motions to bar the plaintiff from further filings and dismissed the case. Dkt. No. 15. Less than a month after the court entered judgment, the plaintiff filed this motion to alter or amend that judgment. Dkt. No. 17. The court will deny the motion.

        The plaintiff filed his motion under Federal Rule of Civil Procedure 59(e); that rule allows a party to file a motion to "alter or amend a judgment" within twenty-eight days of the date the judgment is entered. To prevail on a Rule 59(e) motion, a party must clearly establish "(1) that the court committed a

manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013) (quoting Blue v. Hartford Life & Accident Ins. Co., 698 F.3d 587, 598 (7th Cir. 2012)). A "manifest error" is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "A 'manifest error' is not demonstrated by the disappointment of the losing party." Id.

The plaintiff timely filed his motion, but he has not identified any newly discovered evidence. He disagrees with the court's analysis, arguing that because members of Congress are not "the Sovereign of the United States," they cannot regulate his ability to possess a firearm after he has served his sentence. Dkt. No. 17 at 3, 9. That disagreement is not a manifest error of law requiring the court to alter or amend the judgment under Rule 59(e).

In its order dismissing the case, the court explained that because the defendants had not waived their sovereign immunity, the court no jurisdiction over the plaintiff's claims. Dkt. No. 15 at 6, 9. The court clarified that even if it had jurisdiction, it would have dismissed the United States Congress as a defendant because the plaintiff's claim against it was without merit. Id. at 7. Similarly, the court stated that it would have denied the claim against the Wisconsin Legislature on the merits had the Legislature waived its immunity. Id. at 8. The plaintiff has not demonstrated that the court disregarded, misapplied or failed to recognize controlling precedent. Citing various

constitutional amendments, the plaintiff makes many of the same arguments he raised in his complaint and in opposition to the motions to dismiss. The court has considered, analyzed and rejected those arguments. The plaintiff has not demonstrated that the court committed a manifest error in law or in fact, or that its decision to dismiss the case was otherwise incorrect. There is no basis for the court to grant the plaintiff's motion to alter or amend the judgment.

The court **DENIES** the plaintiff's motion to alter or amend judgment. Dkt. No. 17.

Dated in Milwaukee, Wisconsin this 8th day of September, 2020.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**
